UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH PRAUSE, Individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 4:17-CV-2368 |
| TECHNIPFMC, PLC, *et al*, | § § § | |
| Defendants. | § | |

**ORDER**

Before the Court are Plaintiff's Motion for Class Certification (the "Motion") (Doc. #63), Defendant's Response (Doc. #77), and Plaintiff's Reply (Doc. #87), as well as the declarations filed in support. Doc. #64–66 and Doc. #78. Having considered the parties' submissions, the oral arguments from the September 13, 2019 hearing, and the applicable legal authority, the Court grants the Motion.

**I.      Background**

This federal securities class action arises out of a registration statement filed with the Securities and Exchange Commission in anticipation of a securities offering by a new entity that resulted from a merger. Defendants are TechnipFMC plc ("Technip"), its former Executive Vice President and Senior Advisor Tore Halvorsen, and its current Executive Vice President, Chief Legal Officer, and Secretary Dianne Ralston (collectively, "Defendants").[1] The lead plaintiff,

---

[1] Plaintiff commenced this action on August 3, 2017 by filing suit against Technip, its Chief Executive Officer Douglas Pferdehirt, and its Chief Financial Officer Maryann Mannen. Doc. #1. Plaintiff amended the original complaint on January 22, 2018 to assert additional causes of action against Halvorsen and Ralston. Doc. #30. The named defendants moved to dismiss Plaintiff's amended complaint on March 8, 2018. Doc. #34. On January 18, 2019, the Court issued an order, granting in part the motion to dismiss and dismissing Pferdehirt and Mannen from the case. Doc. #58 at 11, no. 5.

Joseph Prause ("Plaintiff"), has sued Defendants under the Private Securities Litigation Reform Act ("PSLRA") and Section 11 of the Securities Act, 15 U.S.C. § 77k.[2]  Doc. #1, Ex. 1 and Doc. #30 ¶¶ 1, 98–106.

Plaintiff alleges that Technip materially overstated its financial metrics in an October 24, 2016 registration statement (hereinafter, the "2016 Registration Statement"), which the company filed after agreeing to merge with two predecessor entities. *Id.* ¶¶ 40, 44.  According to Plaintiff, the 2016 Registration Statement contained a figure listing Technip's net income for the preceding fiscal quarter as $261 million instead of $224.4 million, an increase of 16.3 percent. *Id.* at ¶ 47. Additionally, Technip assured investors in the 2016 Registration Statement that its financial data adhered to international accounting standards, even though Technip and its predecessor allegedly had failed to apply the foreign exchange rates required by those standards. *Id.* ¶¶ 30–34, 44–46. Plaintiff also included Halvorsen and Ralston as named defendants in this case for having signed, prepared, and distributed the 2016 Registration Statement. *Id.* ¶¶ 20–21, 101.

On April 3, 2019, Plaintiff filed the Motion to certify the following class under Rule 23(b)(3): *all persons who purchased or otherwise acquired Technip shares in the United States between the date of the first such acquisition—occurring no later than January 16, 2017—and July 24, 2017* (the "Class Period").  Doc. #63 at 16, 19.  Plaintiff also asked that the Court to appoint him as class representative and appoint Pomerantz LLP ("Pomerantz") as class counsel. *Id.* at 17–19, 21–22.  In the response filed on June 24, 2019, Defendants only dispute Plaintiff's ability

---

[2] Plaintiff initially alleged additional claims arising under Section 15 of the Securities Act, 15 U.S.C. § 77o, and Sections 10(b) and 20(a) of the Securities Exchange Act.  15 U.S.C. § 78j(b), 78t(a).  The Court dismissed these claims in its January 18, 2019 order on the Motion to Dismiss. Doc. #58.

to adequately control and direct the litigation as class representative.[3]  Doc. #77.  On September 13, 2019, the Court held a hearing on the Motion, during which the parties presented arguments on whether Plaintiff qualifies as an adequate class representative.  For the following reasons, the Court determines that Plaintiff sufficiently demonstrated the requirements for class certification and grants the Motion.

## II.        Legal Standard

A properly maintainable class action under Rule 23(b)(3) must meet the threshold requirements of Rule 23(a) as well as the criteria set forth in Rule 23(b)(3).  *Crutchfield v. Sewerage & Water Bd. of New Orleans*, 829 F.3d 370, 375 (5th Cir. 2016).  Rule 23(a) lists four prerequisites to class certification: "(1) a class 'so numerous that joinder of all members is impracticable'; (2) 'questions of law or fact common to the class'; (3) named parties' claims or defenses 'typical . . . of the class'; and (4) representatives that 'will fairly and adequately protect the interests of the class.'"  *Benavides v. Chi. Title Ins. Co.*, 636 F.3d 699, 702 (5th Cir. 2011) (quoting FED. R. CIV. P. 23(a)).  Under Rule 23(b)(3), class certification also requires "(1) that questions common to the class members predominate over questions affecting only individual members, and (2) that class resolution is superior to alternative methods for adjudication of the controversy."  *Id.* (quoting *Bell Atl. Corp. v. AT&T Corp.*, 339 F.3d 294, 301 (5th Cir.2003)).  The party seeking class certification bears the burden of establishing that the requirements of Rules 23(a) and 23(b)(3) are met.  *Unger v. Amedisys Inc.*, 401 F.3d 316, 320 (5th Cir. 2005) (citing *Berger v. Compaq Comput. Corp.*, 257 F.3d 475, 479–80 (5th Cir.2001)).

Before certifying the class, the court "must conduct a rigorous analysis of the Rule 23

---

[3] During the September 13, 2019 hearing, Defendants conceded five of the six requirements of class certification and confirmed that only the adequacy requirement remained contested.

prerequisites" by "look[ing] beyond the pleadings to understand the claims, defenses, relevant facts, and applicable substantive law. . . ." *Yates v. Collier*, 868 F.3d 354, 362 (5th Cir. 2017) (quoting *M.D. ex rel. Stukenberg v. Perry*, 675 F.3d 832, 837 (5th Cir. 2012)). A court finding in favor of certification also "must detail with sufficient specificity how the plaintiff has met the requirements of Rule 23." *Vizena v. Union Pac. R. Co.*, 360 F.3d 496, 502–03 (5th Cir. 2004) (per curium). Therefore, "the court is bound to conduct its own thorough inquiry," even if the party opposing certification concedes or fails to contest one or more of Rule 23's requirements. *Ward v. Hellerstedt*, 753 F. App'x 236, 244, 250 no. 16 (5th Cir. 2018) (per curium) (quoting *Stirman v. Exxon Corp.*, 280 F.3d 554, 563 n.7 (2002)); *see also Bell v. City of Dallas*, 81 F. App'x 490, 491 (5th Cir. 2003) (per curium) (vacating and remanding district court order certifying a class without providing factual findings or legal analysis).

## III.    Analysis

### a.    Rule 23(a) Requirements

#### 1. Numerosity

A proposed class must "be so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). A plaintiff ordinarily must "demonstrate some evidence or reasonable estimate of the number of purported class members" to satisfy the numerosity requirement. *Pederson v. Louisiana State Univ.*, 213 F.3d 858, 868 (5th Cir. 2000) (quoting *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1038 (5th Cir.1981)). But the number of purported class members is only one factor to consider, along with "the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Ibe v. Jones*, 836 F.3d 516, 528 (5th Cir. 2016) (quoting *Zeidman*, 651 F.2d at 1038). And the numerosity requirement "is generally assumed to have been met" in a class action suit involving

4

nationally traded securities, since the putative class is likely sufficiently numerous, geographically dispersed, and difficult to identify. *Zeidman*, 651 F.2d 1030, 1039 (5th Cir. 1981).

Plaintiff alleges that the number of class members who purchased or acquired Technip shares in the United States during the Class Period would render joinder "impracticable," and Defendants do not dispute this requirement. Although Plaintiff has not identified the precise number of potential class members, he submitted evidence of numerosity that Pomerantz's damages analyst compiled using Bloomberg Terminal. Doc. #63 at 7 and Doc. #64, Ex. 1, Ex. 2. The evidence shows during the Class Period: (1) more than 560 million Technip shares were purchased and sold on U.S. markets; (2) the number of Technip shares issued and outstanding exceeded 400 million; and (3) the average weekly traded volume of Technip shares was 20 million.[4] *Id.* ¶¶ 4–5, 9–11, Ex. 1, Ex. 2.

Absent any argument or evidence to the contrary, the Court finds that the evidence is sufficient to establish numerosity. Hundreds of millions of Technip shares are at issue, so joinder of all class members would likely prove "impracticable." FED. R. CIV. P. 23(a)(1). And because more than 560 million Technip shares were purchased on U.S. markets during the Class Period, class members are likely geographically dispersed. Thus, the putative class of Technip

---

[4] The damages analyst, Jack Lo, described Bloomberg Terminal as a computer software system that "contains real-time financial market data from [the New York Stock Exchange] and other markets." Doc. #64 ¶ 2. Lo stated that Technip was listed and traded on the New York Stock Exchange and that the figure representing Technip's daily trading volume was confined to U.S. markets. But Lo did not make this distinction for the figures representing Technip's average weekly trading volume or the shares issued and outstanding. *Id.* ¶¶ 4–5, 9, 11.

Thus, it is not clear whether those figures also include Technip shares that were traded and issued on non-U.S. markets like Euronext. *Id.*, Ex. 3 and Doc. #66, Ex. 1. Because Plaintiff seeks certification only of U.S. purchasers and acquirers of Technip securities, the Court expects that this data accurately reflects U.S. market activity and that this class action excludes shareholders from non-U.S. markets.

shareholders is entitled to the assumption of numerosity applicable in class action suits involving nationally traded securities. *See Zeidman*, 651 F.2d 1030, 1039 (noting that assumption of numerosity in class action suit filed by sellers of nationally traded securities was "reasonable"). Accordingly, Plaintiff has satisfied the numerosity requirement.

### 2. Commonality

Under Rule 23(a)(2), a plaintiff must demonstrate that "there are questions of law or fact common to the class." FED. R. CIV. P. 23(a)(2). Commonality requires each class member to have "suffered the same injury." *Ibe*, 836 F.3d at 528 (quoting *Wal–Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349 (2011)). To meet this requirement, a plaintiff need only identify a single common contention, the resolution of which "will resolve an issue that is central to the validity of each one of the [class member's] claims in one stroke." *Id.* Thus, "an instance of the defendant's injurious conduct" may suffice to establish commonality, even if the amount of damages differs for each injured class member. *In re Deepwater Horizon*, 739 F.3d 790, 810 (5th Cir. 2014).

In the Motion, Plaintiff identifies two common contentions, including "whether Defendants' statements were materially false and misleading," (Doc. #63 at 8), and Defendants do not contest Plaintiff's evidence of commonality. The issue of falsity and deception as to Defendants' statements arises from the same "instance of [Defendants'] injurious conduct," the 2016 Registration Statement. *In re Deepwater Horizon*, 739 F.3d at 810. And Defendants' liability under Section 11 depends on the contents of that particular document. *See* 15 U.S.C. § 77k (holding persons liable if "any part of the registration statement, when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact . . . necessary to make the statements therein not misleading"). Therefore, the Court can resolve this issue for Plaintiff and each individual class member "in one stroke." *See Ibe*, 836 F.3d at 528.

### 3. Typicality

Rule 23(a) also requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." FED. R. CIV. P. 23(a)(3). The typicality requirement "focuses on the similarity between the named plaintiffs' legal and remedial theories and the theories of those whom they purport to represent" and, in particular, "whether the class representative's claims have the same essential characteristics of those of the putative class." *Stirman*, 280 F.3d at 562 (quoting *James v. City of Dallas*, 254 F.3d 551, 571 (5th Cir.2001), *abrogated on other grounds by M.D.*, 675 F.3d at 839–41)).

In moving for class certification, Plaintiff asserts that his claim is typical of those of the putative class, and Defendants do not challenge typicality. Plaintiff purchased Technip shares in May 2017 during the proposed Class Period of January 16, 2017 to July 24, 2017. Doc. #1, Ex. 1 and Doc. #63 at 10, 19. The evidence shows that Technip shares acquired between January 16, 2017 and July 3, 2017 were issued in connection with the 2016 Registration Statement. *Id* at 10. From July 3, 2017 to July 24, 2017, the shares were issued pursuant to the 2016 Registration Statement and to another registration statement filed on February 27, 2017, which contained the same alleged misstatements as the 2016 Registration Statement. *Id.* Thus, Plaintiff's claim "ha[s] the same essential characteristics of those of the putative class," because each class member's claim arises from the same allegedly false and misleading information as Plaintiff's claim. *Stirman*, 280 F.3d at 562. Accordingly, the typicality requirement is met.

### 4. Adequacy

Lastly, Rule 23(a) requires "the representative parties [to] fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The adequacy of representation requirement consists of three factors: (1) "the zeal and competence of the representative[s'] counsel; (2) the

willingness and ability of the representative[s] to take an active role in and control the litigation and to protect the interests of absentees; and (3) the risk of conflicts of interest between the named plaintiffs and the class they seek to represent." *Slade v. Progressive Sec. Ins. Co.*, 856 F.3d 408, 412 (5th Cir. 2017) (quoting *Feder v. Elec. Data Sys. Corp.*, 429 F.3d 125, 130 (5th Cir. 2005)) (internal quotation marks omitted).

Here, Defendants concede the first and third prongs of the adequacy analysis. Proposed class counsel, Pomerantz, has served as lead counsel in other large securities class actions. Doc. #66, Ex. 3. Federal courts also have "acknowledged the firm's ability to vigorously pursue and successfully litigate actions on behalf of investors." *Id.* Additionally, neither Plaintiff nor Defendants raised actual or potential conflicts between Plaintiff and the putative class.

However, Defendants contest Plaintiff's "willingness and ability . . . to take an active role in and control the litigation." *Slade*, 856 F.3d at 412. Under Rule 23(a)(4), a class representative must "possess a sufficient level of knowledge and understanding to be capable of 'controlling' or 'prosecuting' the litigation." *Ibe*, 836 F.3d 529 (quoting *Berger*, 257 F.3d at 482–83). A securities class action, in particular, must "be managed by active, able class representatives who are informed and can demonstrate they are directing the litigation." *Berger*, 257 F.3d

As evidence of adequacy, Plaintiff submitted a two-page, written declaration on April 3, 2019, describing how "Technip misled investors in the registration statement" and stating that he "reviewed[ed] drafts of the important class documents," "met with class counsel in person," and "provided input on how I want the case to proceed." Doc. #65 ¶¶ 3–4. Plaintiff also provided sworn deposition testimony on June 4, 2019. Doc. #87, Ex. 1. In their June 24, 2019 response, Defendants argue that Plaintiff's declaration is insufficient to establish adequacy and that Plaintiff relies entirely on Pomerantz to direct and control the litigation. Doc. #77.

8

But, even if the declaration consists of mostly conclusory statements about Plaintiff's willingness and ability to serve as class representative, his deposition testimony demonstrates "a sufficient level of knowledge and understanding." *Ibe*, 836 F.3d. 529. During his deposition, Plaintiff described the 2016 Registration Statement as containing misstatements of Technip's financial data and as failing to comply with international accounting standards because of errors in the foreign exchange rates used by Technip. Doc. #87, Ex. 1 at 6:19–7:7, 15:15–23, 140:8–15, 140:16–23. Plaintiff also stated that the 2016 Registration Statement incorrectly reported Technip's net income as $261 million instead of $224 million, a 16 percent difference, but clarified that he initially alleged a 1,300 percent difference in his original complaint. *Id.* at 21:13–15, 140:16–23, 142:2–4. Plaintiff further testified that he recalled first reading the 2016 Registration Statement as early as February 2018 and had looked at it four or five times since then, though he had not read the 686-page document in its entirety. *Id.* at 8:2–5, 9:21–23, 10:11–15, 74:2–5. Plaintiff even identified Halvorsen and Ralston, two of the named defendants, as signatories of the 2016 Registration Statement. *Id.* at 13:21–14:1, 14:10–12.

Based on this testimony, Plaintiff established that he knows more than just that he was "involved in a bad business deal." *Berger*, 257 F.3d (quoting *Kelley v. Mid–America Racing Stables, Inc.*, 139 F.R.D. 405, 410 (W.D. Okla. 1990)). Although Plaintiff could have submitted a more detailed declaration in support of the Motion, his testimony reveals a fundamental understanding of the 2016 Registration Statement, the misstatements at issue, the effect on Technip's financial data, and the named defendants' connection to this case. *Cf. In re Kosmos Energy Ltd. Sec. Litig.*, 299 F.R.D. 133, 147 (N.D. Tex. 2014) (establishing that evidence fell short of establishing adequacy where class representative's declaration provided "scant factual detail," and where deposition testimony revealed that she never reviewed the registration statement, could

9

not identify any false statements, explain how the class was affected, or recognize some defendants). Therefore, Plaintiff demonstrated sufficient knowledge of the facts and claims underlying this action to serve as class representative. *See Rooney v. EZCORP, Inc.*, 330 F.R.D. 439, 447 (W.D. Tex. 2019), *leave to appeal granted sub nom. In re EZCORP, Inc. Sec. Litig.*, No. 19-90006, 2019 WL 1428008 (5th Cir. Mar. 25, 2019), and *appeal dismissed sub nom. In re EZCORP, Inc. Sec. Litig.*, No. 19-50258, 2019 WL 4667555 (5th Cir. June 6, 2019) (holding that, even if the plaintiff could have had a "better grasp on the specifics" and was not "the Platonic ideal of a class representative," his general description of actions giving rise to litigation satisfied adequacy requirement*); In re BP p.l.c. Sec. Litig.*, No. 10-MD-2185, 2013 WL 6388408, at *12– 13 (S.D. Tex. Dec. 6, 2013) (determining that class representatives expressing "very basic knowledge" about case and appearing disengaged were still sufficiently knowledgeable to act as class representatives).

Furthermore, Defendants misconstrue the case law as imposing a standard of adequacy that goes beyond the threshold requirement of "active, able class representatives who are informed and can demonstrate they are directing the litigation." *Berger*, 257 F.3d at 483. The Court may expect plaintiffs seeking certification to meet this standard by "produc[ing] actual, credible evidence that the proposed class representatives are informed, able individuals, who are themselves—and not the lawyers—actually directing the litigation." *In re Kosmos*, 299 F.R.D. at 145. But it does not expect class representatives to "independently investigate[] their claims," to "provide any substantive comments" about legal filings, to read all of the registration statement before initiating suit, or to disclaim any "intent[] to rely on counsel." Doc. #77 at 8–10. *See Stoffels v. SBC Commc'ns, Inc.*, 238 F.R.D. 446, 455 (W.D. Tex. 2006) ("[C]lass representatives must have sufficient knowledge and be able to take an active role in, and control litigation, on their own

accord, yet they are entitled to rely on, and be guided, by counsel."); *compare with In re Enron Corp. Sec.*, 529 F. Supp. 2d 644, 732 (S.D. Tex. 2006) (noting that proposed class representatives demonstrated "nearly total if not complete reliance on class counsel [] for investigation and prosecution of the case and on the complaints prepared by counsel apparently without input from the class representatives, for all information about the facts of the case"). Thus, Plaintiff need not serve as an independent bulwark against Lead Counsel to qualify as class representative.

In fact, the evidence presented in the Motion and during the September 13, 2019 hearing demonstrates that Plaintiff—and not his lawyers—"[is] actually directing the litigation." *In re Kosmos*, 299 F.R.D. at 145. Plaintiff testified that he has spent 40 to 80 hours preparing for this case and up to 16 hours in discussions with counsel. Doc. #87, Ex. 1 at 65:23–66:6, 134:3–6, 135:4–16. Specifically, Plaintiff completed the following tasks in connection with this litigation:

> (1) provided documents to lead counsel (*Id.* at 6–8);
> (2) gathered information on his personal finances (*Id.* at 66:6–10);
> (3) submitted his hard drive for forensic examination (*Id.* at 66:11);
> (4) had "numerous" conversations with counsel (*Id.* at 67:5–6);
> (5) reviewed drafts of the original and amended complaints before they were filed (*Id.* at 119:17–120:3, 121:14–16, 129:3–5);
> (6) examined the 2016 Registration Statement four or five times (*Id.* at 10:14–15);
> (7) looked at discovery-related requests and interrogatories (*Id.* at 11:6–10, 151:6–13);
> (8) read the entire transcript of the June 15, 2018 hearing on the Motion to Dismiss, as well as the Court's order (*Id.* at 11:3–5, 138:17–25); and
> (9) monitored his attorneys' hours and fees and understood his attorneys' billing arrangement.

*Id.* at 160:18–24, 162:14–24. Plaintiff also attended the September 13, 2019 hearing and committed to being present for each day of trial. *Id.* at 168:14–19.

In sum, Plaintiff's testimony shows that he is an active, able class representative who can direct the litigation. Even if Plaintiff did not independently conduct his own investigations into

11

this matter, the law does not require class representatives to monitor electronic court filings, help draft pleadings, or perform legal research. Indeed, when courts have found a class representative inadequate, the evidence overwhelmingly demonstrates the proposed representative's lack of familiarly with and control in the matter. *See Ogden v. AmeriCredit Corp.*, 225 F.R.D. 529, 534–35 (N.D. Tex. 2005) (inadequate class representative could not state how individual defendants were involved, identify facts supporting allegations, answer questions without referring to complaint or counsel, or describe whole portions of complaint, nor did she monitor her attorneys, research class counsel's suitability, or attend certification hearing, even after court granted motion for continue to ensure her appearance); *Umsted v. Intelect Commc'ns, Inc.*, No. CIV.A. 3:99-CV-2604-, 2003 WL 79750, at *2 (N.D. Tex. Jan. 7, 2003) (inadequate class representative could not identify his attorneys' names or claims alleged in complaint, did not investigate class counsel or know anything about the costs and fees involved in litigation, was unaware of previously filed motions and orders, and failed to appear at certification hearing); *In re Enron*, 529 F. Supp. 2d at 732 (inadequate class representatives lacked knowledge about named parties and their roles, were unable to state facts supporting their allegations, did not understand attorneys' billing arrangement or read complaint, and failed to read complaint and majority of documents given to them by counsel); *In re Kosmos*, 299 F.R.D. at 145 (inadequate class representative lacked knowledge of crucial matters, could not recognize all defendants, never read registration statement, and did not attend class certification hearing or court-ordered mediation). Accordingly, the Court concludes that Plaintiff is an adequate class representative.

### b.   Rule 23(b)(3) Requirements

Once a plaintiff meets the four requirements in Rule 23(a), the Court may grant certification under Rule 23(b)(3) if it "finds that the questions of law or fact common to class members

12

predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). "The predominance inquiry 'tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation.'" *Ibe*, 836 F.3d at 529 (quoting *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997)). In determining whether the plaintiff has established predominance, the court must consider how the parties will try the case by "identifying the substantive issues that will control the outcome, assessing which issues will predominate, and then determining whether the issues are common to the class." *Ibe*, 836 F.3d at 529 (quoting *O'Sullivan v. Countrywide Home Loans, Inc.*, 319 F.3d 732, 738 (5th Cir. 2003)).

Here, Plaintiff sufficiently established that "questions of law or fact common to class members predominate." FED. R. CIV. P. 23(b)(3). Plaintiff alleges that issues of falsity, materiality, and negative causation demonstrate predominance, an allegation that Defendants do not contest. Doc. #63 at 13–14. Relatedly, issues for trial will include whether the 2016 Registration Statement contained false and misleading statements and, if so, the extent of damages incurred as a result of those statements. These issues are common to the entire class, because each class member acquired Technip shares during the Class Period based on either the 2016 Registration Statement or the February 27, 2017 registration statement containing nearly identical misstatements. Therefore, the predominance requirement is met.

Additionally, Plaintiff's evidence demonstrates that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). The superiority inquiry is fact-specific, and the court may consider the following factors: "(A) the interests of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already begun by or

13

against class members; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and (D) the likely difficulties encountered in managing a class action." *Ibe*, 836 F.3d at 529–30 (quoting *Amchem Prods.*, 521 U.S. at 615–16).

In this case, Defendants do not dispute that these factors weigh in favor of certifying Plaintiffs' proposed class. The costs and expenses of individual litigation would prove prohibitive for potential class members, who would have little incentive to litigate their claims outside the context of a class action. *See* Doc. #63 at 14–15. Plaintiff also has not identified other litigation concerning the statements at issue, and neither Plaintiff nor Defendants have identified any difficulties in managing this class action. *Id.* at 15. Lastly, given the number of plaintiffs with small claims, concentrating the litigation in this Court promotes judicial efficiency and economy, as well as uniformity of decisions. *Id.* For those reasons, the superiority requirement is also met.

## IV.     Conclusion

The Court concludes that Plaintiff has established each of the requirements under Rules 23(a) and 23(b)(3) to properly maintain this class action. Accordingly, the Motion for Class Certification is hereby granted. The following class is certified under Rule 23(b)(3):

> All persons who purchased or otherwise acquired TechnipFMC shares (including but not limited to shares acquired through the merger of FMC Technologies Inc., FMC Technologies SIS Limited and Technip S.A.) in the U.S. between the date of the first such acquisition (which occurred no later than January 16, 2017) and July 24, 2017, both dates inclusive.

Excluded from the Class are Defendants, current and former officers and directors of TechnipFMC plc, members of their immediate families and their legal representatives, heirs, successors or assigns, and any entity in which Defendants have or had a controlling interest. Plaintiff is appointed as the representative of the Class, and Pomerantz LLP is appointed as Class

Counsel for all purposes in this action.

It is so ORDERED.

MAR 0 9 2020
_____

Date

_____

The Honorable Alfred H. Bennett
United States District Judge