# Exhibit 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPH PRAUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TECHNIPFMC PLC, TORE HALVORSEN, and DIANNE B. RALSTON,<br><br>Defendants. | Case No. **4:17-cv-02368** |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of December 13, 2020 ("Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court (defined below), this Stipulation is entered into between (a) Class Representative Joseph Prause (the "Class Representative" or "Prause"), individually and on behalf of the Settlement Class (defined below), and (b) defendants TechnipFMC plc ("TechnipFMC"), Tore Halvorsen ("Halvorsen"), and Dianne B. Ralston ("Ralston") (collectively, the "Individual Defendants"; and, together with TechnipFMC, the "Defendants"; and together with the Class Representative, the "Parties"), by and through their respective counsel in the above-captioned consolidated class action, and embodies the terms and conditions of the settlement of the Action (defined below).[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims against Defendants.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

**WHEREAS:**

A.      On August 3, 2017, Prause filed a class action complaint (ECF No. 1) in the United States District Court for the Southern District of Texas (the "Court") against TechnipFMC plc, Douglas J. Pferdehirt ("Pferdehirt"), and Maryann T. Mannen ("Mannen"), styled as *Prause v. TechnipFMC plc, et al.*, No. 4:17-cv-2368 (S.D. Tex.).

B.      On October 23, 2017, Prause filed a motion for appointment as lead plaintiff and approval of his selection of Pomerantz LLP as lead counsel, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") (ECF No. 19).

C.      By Order dated December 8, 2017 (ECF No. 27), the Court appointed Prause as lead plaintiff for the Action and approved Prause's selection of Pomerantz LLP as lead counsel.

D.      On January 2, 2018, the Court entered a joint stipulation and proposed case management plan (ECF No. 28), pursuant to which a response to the then currently filed complaint was not required, and Prause was to file an amended complaint on or before forty-five (45) days after the Court entered an order appointing a lead plaintiff and lead counsel.

E.      On January 22, 2018, Prause filed and served his Amended Class Action Complaint (the "Complaint") (ECF No. 30), asserting claims against TechnipFMC, Pferdehirt and Mannen arising under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Securities and Exchange Commission Rule 10b-5, 17 C.F.R. § 240.10b-5, promulgated thereunder, and against Pferdehirt and Mannen arising under Section 20(a) of the Exchange Act.  In addition, Prause also asserted claims against TechnipFMC, Halvorsen and Ralston arising under Section 11 of the Securities Act of 1933 (the "Securities Act") and against Halvorsen and Ralston arising under Section 15 of the Securities Act.

F.      On March 8, 2018, TechnipFMC, Mannen, Pferdehirt, and Ralston moved to

dismiss the Complaint (ECF No. 34).  On June 6, 2018, Halvorsen joined in the motion to dismiss filed by TechnipFMC, Mannen, Pferdehirt, and Ralston (ECF No. 50).  On June 15, 2018, the Court heard argument on the motion to dismiss.

G.     On January 18, 2019, the Court issued an Opinion and entered an Order that granted the motion to dismiss with regard to Prause's claims arising under the Exchange Act and Section 15 of the Securities Act, and denied the motion to dismiss with regard to Prause's claims arising under Section 11 of the Securities Act against TechnipFMC, Halvorsen, and Ralston (ECF No. 58).  On February 15, 2019, Defendants answered the Complaint (ECF No. 62).

H.     Commencing in January 2019, the Parties served discovery requests and responses to discovery requests, including initial disclosures, requests for production of documents, interrogatories, and requests for admission, and conducted numerous meet and confer discussions to resolve disputes over the scope of document discovery.

I.     On April 3, 2019, Prause moved the Court to certify the Action as a class action and to appoint Prause and Pomerantz LLP as the class representative and class counsel, respectively (ECF No. 63).  Defendants opposed the motion on June 24, 2019 (ECF No. 77).  On September 13, 2019, the Court heard argument on the motion for class certification.

J.     By Order dated March 9, 2020 (ECF No. 96), the Court granted Prause's motion to certify the Action as a class action, appointing Prause as the Class Representative, Pomerantz LLP as Class Counsel.

K.     On April 14, 2020, Prause filed an unopposed motion for an Order establishing a program and schedule for notice to the class of pending class action (ECF No. 113).  On May 26, 2020, the Court entered an Order approving Prause's unopposed motion for an Order establishing a program and schedule for notice to the class of pending class action (ECF No. 132).  On June 5,

2020, the notices were disseminated to the class members by mail and publication.

      L.      Fact discovery ultimately concluded on December 6, 2019, with the exception of a corporate deposition of TechnipFMC taken pursuant to Federal Rule of Civil Procedure 30 on December 13, 2019.  Expert reports were submitted January 13, 2020, and rebuttal reports were submitted on February 14, 2020.  Expert discovery concluded on March 4, 2020.

      M.      On April 6, 2020, Prause filed a motion for partial summary judgment (ECF No. 97-1) and Defendants filed a motion for summary judgment (ECF No. 101), and the Parties filed opposition briefs (ECF Nos. 114, 119 134-2), and reply briefs (ECF Nos. 124, 128) on April 27, 2020 and May 4, 2020, respectively.  On July 21, 2020, the Court heard argument on the motions for summary judgment.

      N.      On May 27, 2020, the Parties filed the joint pretrial order (ECF No. 144).

      O.      Beginning in the fall of 2019, the Parties participated in various discussions concerning whether a negotiated settlement could be reached.  The Parties engaged highly experienced, neutral mediators—former Judge Daniel Weinstein ("Judge Weinstein") and former Ambassador David Carden ("Ambassador Carden").  On September 20, 2019, Judge Weinstein and Ambassador Carden facilitated a mediation between the Parties in New York, New York.  In advance of the September 20, 2019 mediation, both sides submitted and exchanged lengthy mediation briefs outlining their respective analyses of the claims and defenses in the Action, and collectively submitted a substantial amount of evidence in support of their respective positions. The mediation was not successful.

      P.      Discussions between the Parties about whether a negotiated settlement could be reached continued and on March 18, 2020, after the end of expert discovery and before submission of summary judgment briefs, the Parties participated in a second mediation session with Judge

Weinstein and Ambassador Carden that took place via video conference.  In advance of the March 18, 2020 mediation, the Parties again submitted and exchanged extensive mediation briefs.  The mediation was not successful.

Q.     On November 12, 2020, Class Counsel and Defendants' Counsel, with assistance from Judge Weinstein and Ambassador Carden, reached an agreement-in-principle to settle the Action that was memorialized in a memorandum of understanding (the "MOU") executed on November 13, 2020.

R.     This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

S.     Based upon their investigation, prosecution and mediation of the case, the Class Representative and Class Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to the Class Representative and the other members of the Settlement Class, and in their best interests.  Based on the Class Representative's direct oversight of the prosecution of this matter and with the advice of his counsel, the Class Representative has agreed to settle and release the claims raised in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that the members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

T.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, uncertainty, and risk of further litigation.  Defendants have denied and continue to deny each and all of the claims and contentions alleged by Class Representative in the Action.  Defendants expressly have denied and continue to deny all allegations of wrongdoing or liability against them

arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Action.  This Stipulation, whether or not consummated, shall in no event be construed as, or deemed to be evidence of, an admission or concession on the part of the Defendants with respect to any claim of any liability, fault, wrongdoing or damage whatsoever, or any infirmity in any defense that the Defendants have or could have asserted.  Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of the Class Representative of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.  Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by the Class Representative in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable.

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among the Class Representative (individually and on behalf of all other members of the Settlement Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiffs' Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiffs' Releasees shall be compromised, settled, released, and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## <u>DEFINITIONS</u>

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the meanings set forth below.  In the event of any

inconsistency between any definitions set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "Action" means the securities class action in the matter styled *Prause v. TechnipFMC, plc, et al.*, Civil Action No. 4:17-cv-02368 (S.D. Tex.), pending in the United States District Court for the Southern District of Texas before the Honorable Alfred H. Bennett.

(b)      "Alternate Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation and where none of the Parties hereto elects to terminate this Settlement by reason of such variance.

(c)      "TechnipFMC" means Defendant TechnipFMC, plc.

(d)      "TechnipFMC Common Stock" means the common stock of TechnipFMC.

(e)      "TechnipFMC Securities" means TechnipFMC Common Stock.

(f)      "Authorized Claimant" means a Settlement Class Member who timely submits a valid Proof of Claim and Release Form to the Claims Administrator in connection with the Settlement that is approved by the Court for payment from the Net Settlement Fund.

(g)      "Claim" means a Proof of Claim and Release Form submitted to the Claims Administrator.

(h)      "Proof of Claim and Release Form" means the form that a Claimant or Settlement Class Member must complete and submit should that Claimant or Settlement Class Member seek to share in a distribution of the Net Settlement Fund, which, subject to approval of the Court, shall be substantially in the form attached as Exhibit 2 to Exhibit A hereto.

(i)     "Claimant" means a Person (defined below) who or that submits a Proof of Claim and Release Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Settlement Fund.

(j)     "Claims Administrator" means the firm retained by the Class Representative and Class Counsel, subject to approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

(k)     "Class Counsel" means the law firms of Pomerantz LLP and The Briscoe Law Firm, PLLC.

(l)     "Class Distribution Order" means an order entered by the Court approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the claims submitted and approving any fees and expenses not previously paid, including the fees and expenses of the Claims Administrator and, if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants. "Complaint" means the Amended Class Action Complaint filed by the Class Representative in the Action on January 22, 2018.

(m)     "Court" means the United States District Court for the Southern District of Texas.

(n)     "Defendants" means TechnipFMC and the Individual Defendants.

(o)     "Defendants' Counsel" means the law firm of Latham & Watkins LLP.

(p)     "Defendants' Releasees" means the Defendants and their current or former trustees, officers, directors, principals, employees, agents, partners, insurers, reinsurers, auditors, heirs, attorneys, legal representatives, predecessors, successors or

8

assigns, parents, subsidiaries, divisions, affiliates, managers, executors, administrators, joint ventures, general or limited partnerships, limited liability companies, Immediate Family members of the Individual Defendants, and any trust of which any Individual Defendant is the settlor or which is for the benefit of their Immediate Family members.

(q)     "Effective Date" means the first date by which all of the events and conditions specified in ¶ 34 of this Stipulation have been met and have occurred or have been waived.

(r)     "Escrow Account" means an account maintained at The Huntington National Bank ("Huntington"), wherein the Settlement Amount shall be deposited and held in escrow under the control of Class Counsel.

(s)     "Escrow Agent" means Huntington.

(t)     "Escrow Agreement" means the agreement between Class Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.

(u)     "Final," with respect to the Judgment or, if applicable, the Alternate Judgment, or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following

9

review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(v)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a partner, including but not limited to a "husband" or a "wife," in a state-recognized marriage, civil union or domestic relationship.

(w)     "Individual Defendants" means Tore Halverson and Dianne B. Ralston.

(x)     "Judgment" means the proposed final judgment to be entered by the Court approving the Settlement substantially in the form attached hereto as Exhibit B.

(y)     "Class Representative" means Joseph Prause.

(z)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of the Class Representative directly related to his representation of the Settlement Class), for which Class Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

(aa)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; and (iv) any attorneys' fees awarded by the Court.

(bb)    "Notice" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which shall be made available online at a website maintained by the Claims Administrator and mailed to Settlement Class Members.

(cc)    "Notice and Administration Costs" means the costs, fees and expenses that are incurred by the Claims Administrator and/or Class Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees and expenses incurred in connection with the Escrow Account.

(dd)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a–1(f), 17 C.F.R. § 240.16a–1(f).

(ee)    "Parties" means Defendants and the Class Representative, on behalf of himself and the Settlement Class.

(ff)    "Person" means an individual, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(gg)    "Plaintiffs' Releasees" means Class Representative, all other plaintiffs in the Action, their respective attorneys, and all other Settlement Class Members, and their respective current and former officers, directors, agents, parents, affiliates, subsidiaries,

successors, predecessors, assigns, assignees, employees, and attorneys, in their capacities as such.

(hh)    "Plan of Allocation" means the plan of allocation of the Net Settlement Fund set forth in the Notice that will be proposed to the Court by Class Representative.

(ii)    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

(jj)    "Released Claims" means all Released Defendants' Claims and all Released Plaintiffs' Claims.

(kk)    "Released Defendants' Claims" means all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, promises, damages, and liabilities of every nature and description, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, or any other law, that the Defendants or any other Defendants' Releasees asserted, or could have asserted, against any of the Plaintiffs' Releasees that arise out of or relate in any way to the commencement, prosecution, settlement or resolution of the Action or the claims against the Defendants' Releasees, except for claims relating to the enforcement of the Settlement or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

(ll)    "Released Plaintiffs' Claims" means all any and all claims, rights, remedies, demands, liabilities and causes of action of every nature and description (including but not limited to any claims against Defendants' Releasees for damages, punitive damages, compensation, restitution, disgorgement, rescission, interest, injunctive relief, attorneys' fees,

expert or consulting fees, obligations, debts, losses, and any other costs, expenses, or liabilities of any kind or nature whatsoever), whether legal, statutory or equitable in nature to the fullest extent that the law permits their release in this Action, whether known claims or Unknown Claims (as defined below), whether arising under federal, state, common or foreign law, whether class or individual in nature, that Class Representative or any other members of the Settlement Class: (i) asserted in this litigation, including any complaint filed or submitted to the Court in this Action; or (ii) could have asserted in any forum or proceeding that arise out of or are based upon or are related to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint that arise out or relate to the purchase or acquisition of TechnipFMC Common Stock during the Settlement Class Period. Released Plaintiffs' Claims do not include claims relating to the enforcement of the Settlement, and (for the avoidance of doubt) do not include Class Counsel's right to apply to the Court for a collective award of attorneys' fees to Class Counsel to be paid from (and out of) the Settlement Fund and for reimbursement of Litigation Expenses, as provided in ¶¶ 16-20 of this Stipulation.

(mm)    "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiffs' Releasees.

(nn)    "Releases" means the releases set forth in ¶¶ 4–5 of this Stipulation.

(oo)    "Settlement" means the settlement between the Class Representative and Defendants on the terms and conditions set forth in this Stipulation.

(pp)    "Settlement Amount" means the total principal amount of nineteen million five-hundred thousand United States Dollars ($19,500,000.00).

13

(qq)    "Settlement Class" means all Persons and entities that purchased or otherwise acquired TechnipFMC Common Stock in the United States, including but not limited to TechnipFMC Common Stock acquired through the merger of FMC Technologies SIS Limited and Technip S.A., during the Settlement Class Period (defined below).  Excluded from the Settlement Class are Defendants; members of the Immediate Family of each of the Individual Defendants; the current and former Officers and directors of TechnipFMC; any person, firm, trust, corporation, Officer, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party.  Also excluded from the Settlement Class are any persons or entities who or that seek exclusion by timely submitting a valid request for exclusion in connection with the Notice (defined below), which is accepted by the Court.

(rr)    "Settlement Class Member" means each Person and entity who or that is a member of the Settlement Class.

(ss)    "Settlement Class Period" means the period between January 16, 2017 and July 24, 2017, inclusive.

(tt)    "Settlement Fund" means the Settlement Amount to be paid by or on behalf of the Defendants into the Escrow Account (as defined above) and any and all earnings on any monies held in the Escrow Account.

(uu)    "Settlement Hearing" means the hearing to be held by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to determine whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(vv)    "Summary Notice" means the Summary Notice of (I) Pendency of Class Action, and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for

14

an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(ww)   "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Class Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

(xx)   "Unknown Claims" means any and all Released Plaintiffs' Claims which the Class Representative or any other Settlement Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any and all Released Defendants' Claims which any Defendant or any other Defendants' Releasee does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, the Class Representative and Defendants shall expressly waive, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed to have waived, and by operation of the Judgment or the Alternate Judgment, if applicable, shall have expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

15

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Class Representative and Defendants acknowledge, and each of the other Settlement Class Members and each of the other Defendants' Releasees shall be deemed by operation of law to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims and Released Defendants' Claims and Released Plaintiffs' Claims was separately bargained for and a key element of the Settlement.

## PRELIMINARY APPROVAL OF SETTLEMENT

2.      Promptly upon execution of this Stipulation, the Class Representative will move for preliminary approval of the Settlement and the scheduling of a hearing for consideration of final approval of the Settlement, which motion shall be unopposed by Defendants.  Concurrently with the motion for preliminary approval, the Class Representative shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are, subject to approval by the Court and such approval becoming Final, in consideration of:  (i) the full and final disposition of the Action as against Defendants' Releasees; and (ii) the Releases provided for herein.

4.      Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date, the Class Representative and each and every other Settlement Class Members, on behalf of themselves, and their respective former and present officers, directors, employees, agents, affiliates, parents, subsidiaries, insurers, reinsurers, heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall

16

release and shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiffs' Claim as against the Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any of the Released Plaintiffs' Claims against each and every one of the Defendants' Releasees.

5.     Pursuant to the Judgment, or the Alternate Judgment, if applicable, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against the Class Representative and the other Plaintiffs' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiffs' Releasees.  This release shall not apply to any Person or entity who or that submits a request for exclusion from the Settlement Class that is accepted by the Court.

6.     Notwithstanding ¶¶ 4–5 above, nothing in the Judgment, or the Alternate Judgment, if applicable, shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment, or Alternate Judgment, if applicable.

## THE SETTLEMENT CONSIDERATION

7.     In full settlement of the Released Plaintiffs' Claims against Defendants and the other Defendants' Releasees and in consideration of the releases in ¶¶ 4–5 above, all of which the Parties agree are good and valuable consideration, Defendants shall pay or cause to be paid the

Settlement Amount into the Escrow Account no later than twenty (20) business days after the later of:  (a) the date of entry by the Court of the Preliminary Approval Order; or (b) Defendants' Counsel's receipt from Class Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including wiring instructions that include the bank name and ABA routing number, account name and number, and a signed W-9 reflecting a valid taxpayer identification number for the qualified settlement fund in which the Settlement Amount is to be deposited.

8.      With the sole exception of the Defendants' obligation to cause the payment(s) into the Escrow Account as provided for in ¶ 7, the Defendants' Releasees and Defendants' Counsel shall have no responsibility or liability with respect to the Escrow Accounts or the monies maintained in the Escrow Accounts, including, without limitation, any responsibility or liability related to any fees, Taxes, investment decisions, maintenance, supervision or distributions of any portion of the Settlement Amount.

## USE OF SETTLEMENT FUND

9.      The Settlement Fund shall be used to pay: (a) the members of the Settlement Class pursuant to the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves; (b) any Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; and (d) any attorneys' fees awarded by the Court.  The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 19-32 below.

10.     Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of

this Stipulation and/or further order of the Court.  The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.  Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States.

11.     The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund.  Class Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or responsibility for any such Taxes.  Class Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may

be necessary or appropriate in connection therewith.

12.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.  The Defendants' Releasees shall have no responsibility or liability for the acts or omissions of Class Counsel or its agents with respect to the payment of Taxes, as described herein.

13.     The Settlement is not a claims-made settlement.   Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other Person or entity who or that paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Proof of Claim and Release Forms submitted, the collective amount of Recognized Claims (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.  However, in the event that the Settlement is terminated pursuant to the terms of this Stipulation or does not become final for any reason, the amounts deposited by or on behalf of any of the Defendants, any of the other Defendants' Releasees, or any other Person who or that paid any portion of the Settlement Amount will be promptly returned to the Defendants upon the occurrence of that event, with any interest earned thereon; provided, however that any Notice and Administration Costs paid or incurred, including any related fees and any other reasonable costs,

shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other Person who or that paid any portion of the Settlement Amount.

14.     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Class Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable, up to three hundred fifty thousand dollars ($350,000.00 USD).  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent.

15.     Defendants' Releasees shall have no responsibility for, interest in, or liability whatsoever with respect to the maintenance, investment or distribution of the Settlement Fund, the establishment or maintenance of the Escrow Accounts, the establishment or administration of the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, the administration of the Settlement, or any losses incurred in connection with such matters.  Defendants take no position with respect to the provisions of this Stipulation governing those issues.  Defendants' Releasees shall have no further or other liability or obligations to Prause, Class Counsel or any member of the Settlement Class with respect to the Released Claims, except as expressly stated in this Stipulation.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16.     Class Counsel will apply to the Court for a collective award of attorneys' fees to

Class Counsel to be paid from (and out of) the Settlement Fund.  Class Counsel also will apply to the Court for reimbursement of Litigation Expenses, which may include a request for reimbursement of the Class Representative's costs and expenses directly related to his representation of the Settlement Class, to be paid from (and out of) the Settlement Fund.  Class Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and the Class Representative other than what is set forth in this Stipulation.

17.     Any attorneys' fees and Litigation Expenses that are awarded by the Court, including any interest thereon, shall be paid to Class Counsel immediately upon award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Class Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Class Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final.  An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither the Class Representative nor Class Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.  The attorneys' fees and Litigation Expenses

that are awarded to Class Counsel shall be payable solely from the Escrow Account.

18.     With the sole exception of the Defendants causing payment into the Escrow Accounts as provided for in ¶ 7, the Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment to Class Counsel that may occur at any time.

19.     Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, the allocation of any attorneys' fees or expenses to any Person, including Class Counsel, who may assert some claim thereto, or any fee or expense awards the Court may make in the Action.

20.     Defendants' Releasees shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of the Settlement Class Members, whether or not paid from the Settlement Fund.

<u>**NOTICE AND SETTLEMENT ADMINISTRATION**</u>

21.     As part of the Preliminary Approval Order, the Class Representative shall seek appointment of a Claims Administrator.   The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Class Counsel's supervision and subject to the jurisdiction of the Court. Other than TechnipFMC's obligation to provide its securities holders records as provided in ¶ 22 below, none of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any Person or entity, including, but not limited to, the Class Representative, any other Settlement Class Members or Class Counsel in connection with the foregoing.   Defendants' Counsel shall cooperate in the

administration of the Settlement to the extent reasonably necessary to effectuate its terms.

22.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Class Counsel shall cause the Claims Administrator to mail the Notice to those members of the Settlement Class as may be identified through reasonable effort.  Class Counsel shall also cause the Claims Administrator to: (a) post downloadable copies of the Notice and Proof of Claim and Release Form online at www.TechnipFMCSecuritiesLitigation.com; and (b) have the Summary Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice to the Settlement Class, within five (5) business days of the date of entry of the Preliminary Approval Order, TechnipFMC shall provide or cause to be provided to Class Counsel or, the Claims Administrator, in electronic format (at no cost to the Settlement Fund, Class Counsel or the Claims Administrator) a list of the names and last known addresses of the Persons who held TechnipFMC Common Stock on or about January 17, 2017 and July 24, 2017.

23.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

24.     The Defendants will take no position with respect to the Plan of Allocation.  The Plan of Allocation proposed in the Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  The Class Representative and Class Counsel may

not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action. Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

26.     Any Settlement Class Member who does not timely submit a valid Proof of Claim and Release Form will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment or, the Alternate Judgment, if applicable, to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiffs' Claims in the event that the Effective Date occurs with respect to the Settlement.

26.     Class Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.  No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Proof of Claim and Release Form, or any decision of the Claims Administrator or Class Counsel with respect to accepting or rejecting any Claim for payment by a Settlement Class Member.  Class Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Proof of Claim and Release Forms submitted in the interests of achieving substantial justice.

27.     For purposes of determining the extent, if any, to which a Settlement Class Member

shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Settlement Class Member shall be required to submit a valid Proof of Claim and Release Form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, supported by such documents as are designated therein, including proof of the Claimant's loss, or such other documents or proof as the Claims Administrator or Class Counsel, in their discretion, may deem acceptable;

(b)     All Proof of Claim and Release Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice. Any Settlement Class Member who fails to submit a valid Proof of Claim and Release Form by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Settlement Class Member's Proof of Claim and Release Form is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim. Provided that it is mailed by the claim-submission deadline, a Proof of Claim and Release Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon. In all other cases, the Proof of Claim and Release Forms shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Proof of Claim and Release Form shall be submitted to and reviewed by the Claims Administrator who shall determine in accordance with this Stipulation and the plan

of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Proof of Claim and Release Forms that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release Form submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)     If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a Claim cannot be otherwise resolved, Class Counsel shall thereafter present the request for review to the Court.

28.     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided, however, that such investigation and discovery shall be limited to that Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  No discovery shall be allowed on the merits of this Action

27

or of the Settlement in connection with the processing of Proof of Claim and Release Forms.

29.      Class Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order:   (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any administration fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants from the Escrow Account.

30.      Payment pursuant to the Class Distribution Order shall be final and conclusive against all Settlement Class Members.  All Settlement Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment or Alternate Judgment, if applicable, to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiffs' Claims.

31.      No Person shall have any claim against the Class Representative, Class Counsel, the Claims Administrator or any other agent designated by Class Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  The Class Representative and Defendants, and their respective counsel, and the Class Representative's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or

nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

32.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

33.     If the Settlement contemplated by this Stipulation is approved by the Court, Class Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

34.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as contemplated by ¶ 2 above;

(b)     the Settlement Amount has been deposited into the Escrow Account in accordance with the provisions of ¶ 7 above;

(c)     Defendants have not exercised the option to terminate the Settlement pursuant to the provisions of this Stipulation (including the Supplemental Agreement described in ¶ 38 below);

(d)      the Class Representative has not exercised his option to terminate the Settlement pursuant to the provisions of this Stipulation; and

(e)      the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final, or the Court has entered an Alternate Judgment and none of the Parties seek to terminate the Settlement and the Alternate Judgment has become Final.

35.      Upon the occurrence of all of the events referenced in ¶ 34 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

36.      If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation (including the Supplemental Agreement described in ¶ 38 below); (ii) the Class Representative exercises his right to terminate the Settlement as provided in this Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)      The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)      The Parties shall be deemed to have reverted *nunc pro tunc* to their respective status as of November 13, 2020, and they shall proceed in all respects as if the MOU had not been executed, and without prejudice in any way from the negotiation, fact, or terms of this Settlement.

(c)      The terms and provisions of this Stipulation, with the exception of this ¶ 36 and ¶¶ 15, 17, 44 and 64, shall have no further force and effect with respect to the Parties and shall

not be used in the Action or in any other proceeding for any purpose, and any Judgment, or Alternate Judgment, if applicable, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Class Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Class Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other Persons as Defendants may direct).   In the event that the funds received by Class Counsel consistent with ¶ 17 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other Persons as Defendants may direct) immediately upon their deposit into the Escrow Account consistent with ¶ 17 above.

37.     It is further stipulated and agreed that the Class Representative and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their election to do so ("Termination Notice"), through counsel, to all other Parties to this Stipulation within thirty (30) calendar days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court; or (e) the date upon which an Alternate Judgment is modified or reversed in any material respect by the United States Court of Appeals or the United States Supreme Court.   However, any decision or

31

proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment or Alternate Judgment, if applicable, and shall not be grounds for termination of the Settlement.

38.     In addition to the foregoing, Defendants shall also have the right to terminate the Settlement in the event that Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendants' confidential supplemental agreement with the Class Representative (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between the Class Representative and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

39.     In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 41-43 which shall continue to apply.

<u>**NO ADMISSION OF WRONGDOING**</u>

40.     Except as set forth in ¶ 41 below, this Stipulation, whether or not consummated, and any negotiations, proceedings, or agreements relating to the Stipulation, the Settlement, and any matters arising in connection with settlement negotiations, proceedings, or agreements, shall not be offered or received against the Parties for any purpose, and in particular:

(a)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendants with respect to the truth of any allegation by Class Representative and the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of the Defendants;

(b)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by the Defendants, or against Class Representative or any other members of the Settlement Class as evidence of any infirmity in the claims of Class Representative or the other members of the Settlement Class;

(c)      do not constitute, and shall not be offered or received against or to the prejudice of Defendants, Class Representative, or any other members of the Settlement Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Class Representative, other members of the Settlement Class, or their respective counsel, in any other civil, criminal, or administrative action, arbitration or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)      do not constitute, and shall not be construed against the Defendants, Class Representative, or any other members of the Settlement Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been

33

recovered after trial; and

       (e)    do not constitute, and shall not be construed as or received in evidence as, an admission, concession, or presumption against Class Representative or any other members of the Settlement Class or any of them, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

       41.    Notwithstanding ¶ 40 above, the Parties and their respective counsel may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate the liability protection granted them under any applicable insurance policies.  The Parties may file this Stipulation and/or the Judgment or Alternative Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment or Alternative Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## **MISCELLANEOUS PROVISIONS**

       42.    All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

       43.    Defendants warrant that, as to the payments made or to be made by or on behalf of them, at the time of entering into this Stipulation and at the time of such payment they, or to their knowledge any Persons contributing to the payment of the Settlement Amount, were not insolvent,

nor will the payment required to be made by or on behalf of them render them insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including §§ 101 and 547 thereof.  This representation is made by each of the Defendants and not by their counsel.

44.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of the Class Representative, the Class Representative and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment or Alternate Judgment, if applicable, entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment, or Alternate Judgment, if applicable, shall be null and void, and the Parties shall be restored to their respective positions in the litigation as provided in ¶ 36 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 36.

45.    The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by the Class Representative and any other Settlement Class Members against the Defendants' Releasees with respect to the Released Plaintiffs' Claims.  Accordingly, the Class Representative and his counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by the Class Representative or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating

to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, including through a mediation process supervised and conducted by Judge Weinstein and Ambassador Carden, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

46.     The Parties agree not to issue any press releases or make public comments about the Settlement, whether at preliminary approval, final approval, or otherwise.  Public statements about the settlement shall be limited to "the parties have settled the matter on mutually agreeable terms."  In all events, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily, on mutually agreeable terms, after consultation with competent legal counsel.  In all events, the Class Representative and his counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

47.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both the Class Representative and Defendants (or their successors-in-interest).

48.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

49.     The administration and consummation of the Settlement as embodied in this

Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Class Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

50.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

51.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among the Class Representative and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

52.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

53.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

54.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of Texas without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

55. If any interest created or otherwise affected by this Stipulation is deemed to violate the rule against perpetuities, a court of competent jurisdiction shall reform and validate any such interest consistent with the general intent of the Parties to this Stipulation pursuant to Tex. Prop. Code Ann. § 5.043(a).

56. Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

57. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

58. All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

59. Class Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

60. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt. Notice shall be provided as follows:

| If to the Class Representative or Class Counsel: | Pomerantz LLP<br>Attn:  Jeremy A. Lieberman, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone:  (212) 661-1100<br>Facsimile:   (212) 661-8665<br>Email: jalieberman@pomlaw.com |
|---|---|
| If to Defendants: | Latham & Watkins LLP<br>Attn:  Peter A. Wald, Esq.<br>505 Montgomery Street<br>San Francisco, CA 94111<br>Telephone: (415) 391-0600<br>Facsimile:  (415) 395-8095<br>Email: peter.wald@lw.com |

61.     Except as otherwise provided herein, each Party shall bear its own costs.

62.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

63.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

64.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation. Each Settlement Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Settlement Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

[signature page follows]

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed,

by their duly authorized attorneys, as of _DECEMBER 13_ , 2020.

DATED: _DECEMBER 13_ , 2020

POMERANTZ LLP

By: _____

Jeremy A. Lieberman
Austin P. Van
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
Email:  jalieberman@pomlaw.com
Email:  avan@pomlaw.com

*Class Counsel*

DATED: _DECEMBER 13_ 2020

LATHAM & WATKINS LLP

By: _____

Peter A. Wald, Esq.
505 Montgomery Street
San Francisco, CA 94111
Telephone: (415) 391-0600
Facsimile:  (415) 395-8095
Email: peter.wald@lw.com

*Attorneys for Defendants*

41