UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPH PRAUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>TECHNIPFMC PLC, TORE HALVORSEN, and DIANNE B. RALSTON,<br><br>　　　　　　　　　　　　Defendants. | Case No. 4:17-cv-02368 |

**ORDER AWARDING ATTORNEYS' FEES AND EXPENSES**

**THIS CAUSE** came before the Court for hearing on March 19, 2021, at 10:00 a.m. (the "Settlement Hearing"), on Class Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *Investor's Business Daily* and was transmitted over *P R* Newswire pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.　　This Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (the "Stipulation"), filed with the Court on December 13, 2020. *See* ECF

No. 205-1.  All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.  This Court has jurisdiction to enter this Order and over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.  Notice of Class Counsel's Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort.  The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, *codified as amended*, 15 U.S.C. § 78u–4(a)(7), and Rule 23 of the Federal Rules of Civil Procedure; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all persons entitled thereto.

4.  Class Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $6,435,000.00, plus interest at the same rate earned by the Settlement Fund (in total amount equaling $6,435,694.39), or 33% of the Settlement Fund, and payment of litigation expenses in the amount of $782,805.21, which sums the Court finds to be fair and reasonable.  Class Counsel shall allocate the attorneys' fees awarded among Plaintiffs' Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action.

5.  The award of attorneys' fees and expenses may be paid to Class Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

6. In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has considered and found that:

(a) Class Counsel devoted 9,191.57 hours, with a lodestar value of $5,380,856.25, to achieve the Settlement;

(b) The Action involves complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(c) Class Counsel have conducted the litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and are highly experienced in the field of securities class action litigation;

(d) Class Counsel represented the Class Representative and the Settlement Class to the preclusion of other employment;

(e) The amount of attorneys' fees awarded is fair and reasonable and consistent with fee awards approved in similar cases within this Circuit and across the country;

(f) Class Counsel undertook the Action on a contingent basis, and have received no compensation during the Action, and any fee and expense award has been contingent on the result achieved;

(g) The Settlement has created a fund of $19,500,000 in cash, pursuant to the terms of the Stipulation, and numerous Settlement Class Members who submit acceptable Claim Forms will benefit from the Settlement created by the efforts of Class Counsel;

(h) Had Class Counsel not achieved the Settlement, there would remain a significant risk that the Class Representative and other members of the Settlement Class may have recovered less or nothing at all from the Defendants;

(i) The fee sought by Class Counsel has been reviewed and approved as reasonably by the Class Representative who was directly involved in the prosecution and resolution of the Action and who has significant interests in ensuring that any fees paid to counsel are duly earned and not excessive; and

(j) 60,054 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Class Counsel would apply for attorneys' fees in an amount not to exceed thirty-three percent (33%) of the Settlement Fund and expenses in an amount not to exceed $850,000, and there were no objections to the requested attorneys' fees and expenses.

7. Class Representative Joseph Prause is hereby awarded $15,000.00 from the Settlement Fund as reimbursement for his reasonable costs directly related to his representation of the Settlement Class.

8. Any appeal or challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

9. In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

10. There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

*It is SO ORDERED on this _____ day of _____, 2021.*

_____
The Honorable Alfred H. Bennett
United States District Judge