United States District Court
Southern District of Texas
**ENTERED**
March 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| JOSEPH PRAUSE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>TECHNIPFMC PLC, TORE HALVORSEN, and DIANNE B. RALSTON,<br><br>Defendants. | Case No. 4:17-cv-02368 |

**FINAL ORDER AND JUDGMENT**

**THIS CAUSE** came before the Court on the Class Representatives' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation of Settlement Proceeds. The Court having carefully reviewed the file, and being otherwise fully advised, ORDERS as follows:

WHEREAS:

A. On December 13, 2020, the Class Representative Joseph Prause (the "Class Representative"), individually and on behalf of all other members of the Class, on the one hand, and TechnipFMC plc ("TechnipFMC" or the "Company"), Tore Halvorsen ("Halvorsen"), and Dianne B. Ralston ("Ralston," collectively the "Defendants" and, together with the Class Representative, the "Parties"), on the other, entered into a Stipulation and Agreement of Settlement (the "Stipulation") in the above-captioned litigation (the "Action"), which is subject to review under Federal Rule of Civil Procedure 23 and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the

Amended Class Action Complaint, filed on January 22, 2018, on the merits and with prejudice (the "Settlement");

B. Pursuant to the Order Preliminarily Approving Settlement and Providing for Notice, entered December 16, 2020 (the "Preliminary Approval Order"), the Court scheduled a hearing for March 19, 2021, at 10:00 a.m. (the "Settlement Hearing") for the following purposes: (i) to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (ii) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (iii) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (iv) to determine whether the motion by Class Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses should be approved; and (v) to consider any other matters that may properly be brought before the Court in connection with the Settlement;

C. The Court authorized Class Counsel to retain JND Legal Administration Company (the "Claims Administrator") to supervise and administer the notice procedure;

D. The Court ordered TechnipFMC to provide or cause to be provided to the Claims Administration in electronic format (at no cost to the Settlement Fund, Class Counsel, or the Claims Administrator) a list of the names and last known addresses of the Persons who held TechnipFMC Common Stock on or about January 17, 2017 and July 24, 2017, on or before five (5) business days after the date of entry of the Preliminary Approval Order;

E. The Court ordered that the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees

and Reimbursement of Litigation Expenses (the "Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-1, be mailed by first-class mail, on or before twenty (20) business days after the date of entry of the Preliminary Approval Order (the "Notice Date"), to potential Settlement Class Members at the addresses set forth in the records provided by TechnipFMC or in the records which TechnipFMC caused to be provided, or who otherwise may be identified through further reasonable effort;

F. The Court ordered that copies of the Notice and the Proof of Claim and Release Form (the "Claim Form"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-2, be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded, contemporaneously with the mailing of the Notice;

G. The Court ordered that the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Summary Notice"), substantially in the form attached to the Preliminary Approval Order as Exhibit A-3, be published once in *Investor's Business Daily* and be transmitted once over the *P R Newswire* on or within ten (10) business days after the Notice Date;

H. The Court ordered Class Counsel to serve on Defendants' Counsel and file with the Court, by affidavit or declaration, proof of such mailing and publication not later than seven (7) calendar days prior to the Settlement Hearing;

I. The Notice and Summary Notice advised potential Class Members of the date, time, place, and purpose of the Settlement Hearing. The Notice further advised that any objections to

3

the Settlement were required to be filed with the Court and served on counsel for the Parties such that they were received by February 26, 2021;

J. The provisions of the Preliminary Approval Order as to notice were complied with;

K. On February 12, 2021, the Class Representative moved for final approval of the Settlement, as set forth in the Preliminary Approval Order. The Settlement Hearing was duly held on March 19, 2021, at 10:00 a.m., at which time all interest Persons were afforded the opportunity to be heard; and

L. This Court has duly considered the Class Representative's unopposed motion for final approval of the Settlement, the affidavits, declarations, memoranda of law submitted in support thereof, the Stipulation, and all of the submissions and arguments presented with respect to the proposed Settlement;

**NOW, THEREFORE**, after due deliberation, **IT IS ORDERED, ADJUDGED, AND DECREED** that:

1. This Judgment incorporates and makes a part hereof: (i) the Stipulation filed with the Court on December 13, 2020; and (ii) the Notice, which was filed with the Court on December 13, 2020. Capitalized terms not defined in this Judgment shall have the meaning set forth in the Stipulation.

2. This Court has subject matter jurisdiction of the Action and personal jurisdiction over all Parties to the Action, including all Class Members.

3. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court hereby re-affirms its prior determinations in its Order dated March 11, 2020, certifying the Class of: all persons who purchased or otherwise acquired TechnipFMC shares (including but not limited to shares acquired through the merger of FMC Technologies Inc., FMC Technologies SIS Limited

4

and Technip (S.A.) in the U.S. between the date of the first such acquisition (which occurred no later than January 16, 2017) and July 24, 2017, both dates inclusive. Excluded from the Class are Defendants; members of the immediate family of the immediate family of each of the Individual Defendant; the current and former Officers and Directors of TechnipFMC; any person, firm trust, corporation, officer, or other entity in which any Defendant has or had a controlling interest; and the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party. Also excluded from the Class are any person or entity who or that have timely and validly sought exclusion from the Class and that are listed on the annexed Exhibit A as having submitted an exclusion request allowed by the Court.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby re-affirms its determination in its Order dated March 11, 2020 certifying Joseph Prause as the Class Representative for the Class and appointing the law firm of Pomerantz LLP as Class Counsel for the Class.

5. The Court finds that the mailing and publication of the Notice, Summary Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Class Members of the effect of the Settlement, of the proposed Plan of Allocation, of Class Counsel's request for an award of attorneys' fees and payment of litigation expenses incurred in connection with the prosecution of the Action, of the Class Representatives' request for a service award, of Class Members' right to object or seek exclusion from the Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities

Exchange Act of 1934, *codified as amended*, 15 U.S.C. § 78u–4(a)(7), and Rule 23 of the Federal Rules of Civil Procedure.

6. [There have been no objections to the Settlement.]

7. Pursuant to Rule 23(e)(2), this Court hereby approves the Settlement and finds that in light of the benefits to the Class, the complexity and expense of further litigation, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (1) the Class Representative and Class Counsel have adequately represented the Class; (2) the proposal was negotiated at arm's length; (3) the relief provided for the Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of the proposed method of distributing relief to the Class; (iii) the terms of the proposed award of attorneys' fees; and (iv) agreements identified pursuant to Rule 23(e)(3) of the Federal Rules of Civil Procedure; and (4) the proposal treats Class Members equitably relative to each other. Accordingly, the Settlement is hereby approved in all respects and shall be consummated in accordance with the terms and provisions of the Stipulation.

8. The Amended Class Action Complaint (the "Complaint"), filed on January 22, 2018, is dismissed in its entirety, with prejudice, and without costs to any Party, except as otherwise provided in the Stipulation.

9. The Court finds that during the course of the Action, the Class Representative, Defendants, and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

10. Upon the Effective Date, the Class Representative and each and every other Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed

to have fully, finally, and forever waived, released, discharged, and dismissed each and every one of the Released Claims against each and every one of the Defendants' Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Claims against any and all of the Defendants' Releasees.

11. Upon the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have fully, finally, and forever waived, released, discharged, and dismissed each and everyone of the Released Defendants' Claims against each and every one of the Plaintiffs' Releasees and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' claims against any and all of the Plaintiffs' Releasees.

12. Each Class Member, whether or not such Class Member executes and delivers a Claim Form, is bound by this Judgment, including, without limitation, the release of claims as set forth in the Stipulation.

13. This Judgment and the Stipulation, whether or not consummated, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants or Defendants' Releasees

with respect to the truth of any allegation by Plaintiffs and the Class Representative, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Defendants or any person or entity whatsoever;

(b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Defendants or Defendants' Releasees, or against or to the prejudice of any of the Plaintiffs or the Plaintiffs' Releasees, or any other member of the Class as evidence of any infirmity in the claims of the Class Representative, or the other members of the Class;

(c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Defendants, the Class Representative, any other member of the Class, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Defendants, Defendants' Releasees, the Class Representative, Plaintiffs' Releasees, other members of the Class, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(d) do not constitute, and shall not be construed against any of the Defendants, Defendants' Releasees, the Class Representative, Plaintiffs' Releasees, or any other member of the Class, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

8

(e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against the Class Representative, or any other member of the Class, that any of their claims are without merit or infirm or that damages recoverable under the Complaint would not have exceeded the Settlement Amount.

14. Notwithstanding the foregoing, any of the Parties may file or refer to this Judgment, the Stipulation, and/or any Proof of Claim: (i) to effectuate the liability protections granted hereunder, including without limitation to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or similar defense or counterclaim; (ii) to enforce any applicable insurance policies and any agreements related thereto; or (iii) to enforce the terms of the Stipulation and/or this Judgment.

15. The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

17. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

18. The Parties are hereby directed to consummate the Stipulation and to perform its terms.

19. A separate order shall be entered regarding Class Counsel's application for attorneys' fees and payment of expenses as allowed by the Court. A separate order shall be entered regarding the proposed Plan of Allocation for the Net Settlement Fund. Such orders shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

21. There is no just reason for delay in the entry of this Judgment, and the Clerk of the Court is hereby directed to enter this Judgment forthwith.

*It is SO ORDERED on this* _____ *day of* MAR 2 2 2021 ,2021.

_____
The Honorable Alfred H. Bennett
United States District Judge